[No. 14587. Department Two. April 27, 1918.]

## A. C. EDWARDS et al., Appellants, v. J. H. HEATON et al., Respondents.[1]

VENDOR AND PURCHASER—FORFEITURE—PAYMENTS—EXTENSION OF TIME—CONSTRUCTION. A three-year extension of time for the payment of installments "hereinafter to become due" on a land contract given in consideration of an agreement that the vendee and another should take over the purchase of certain property and divide the profits with the vendor, cannot be relied upon to prevent forfeiture of the contract for nonpayment of installments, where (1) there was at the time the extension was made an overdue payment not included in the terms of the extension "hereinafter to become due," and (2) where there was a failure to comply with the conditions as to purchasing the other property and dividing the profits.

SAME—REMEDIES OF VENDOR—FORFEITURE—RELIEF FROM—EQUITY. In such a case, where default in payments were due to a misconstruction of the extension agreement, equity will not enforce an unconditional forfeiture of the contract at the suit of the vendor, where the remedy would be a harsh one, but will give the vendee an opportunity to pay up on the contract.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered September 5, 1917, upon findings in favor of the defendants, in an action for equitable relief, tried to the court. Reversed.

*Williams & Davis* and *A. C. Edwards,* for appellants.
*Bausman & Oldham,* for respondents.

[1]Reported in 172 Pac. 839.

FULLERTON, J.—On April 8, 1915, the appellants, Edwards, and the respondent Heaton entered into a written contract by the terms of which the appellants agreed to sell, and the respondent agreed to buy, a certain described tract of real property containing about seventy-three acres, situated in Snohomish county. The contract, after reciting that a substantial part of the contract price of the land had been paid, further recited that there remained a balance due thereon of $2,200, which the purchaser agreed to pay in yearly installments of $200 each, the first installment to be paid one year after the date of the contract and the remaining installments yearly thereafter, with interest on all deferred payments at the rate of seven per centum per annum payable semi-annually.

The contract contained, among other conditions, the following:

"But in case of default in the payment of the said principal sum or part or portion thereof, or interest or part or portion thereof, or in any term or condition herein contained, the times of payment being hereby declared to be the essence of this agreement, then, or in any such event or events, first parties, their heirs or assigns, shall have the right to declare this agreement to be null and void, after 30 days notice, and all sums as may have been paid on account of said purchase price, and any and all rights and interests of all kinds in and to the said premises or part or portions thereof that may not have been deeded at the time of such default, and all rights and interests of the second party, his heirs or assigns, shall utterly cease and determine, as absolutely, fully and perfectly as if this agreement had never been made."

The contract also contained the further provision that the purchaser might sell parts or portions of the land in tracts of five acres or more at prices stated, for which the appellants would issue deeds on the pay-

ment to them of the purchase price, the moneys received to be credited by them upon the purchase price.

Within three or four days after the execution of the principal contract, the respondent Heaton entered into a contract with the defendant John H. Flora, by which he agreed to sell to Flora some forty acres of the land. This contract is not set forth in the record, nor was its purport generally shown. It appears, however, that Flora entered into possession of the land and made valuable improvements thereon. Seemingly, also, the defendant Luthi, by an arrangement with Heaton, acquired some interest in the land; this interest, however, was not shown and is not involved in this proceeding. Later on, Flora desired to resell his interests to Heaton, and he and Luthi took the matter up with the appellant, Edwards. The negotiations led to a proposal by Edwards, on which Heaton and Luthi indorsed their acceptance. This appears in the record in the following form:

"Everett, Washington, April 22, 1916.
"Messrs. E. S. Luthi and J. H. Heaton,
    "Lakewood, Washington.
"Gentlemen:—In consideration of your taking over and purchasing the J. H. Flora property in lot 3 and the southeast quarter of the southeast quarter of section 23, township 31 north, of range 4 east, at a price of $2,300, and for the further consideration of an agreement that the property shall be sold at the best price obtainable, and the profits thereon divided equally between the undersigned and yourselves, I agree that in the event it is not convenient for you to pay the payments hereafter to become due to me on my contract to you for the sale of the land, that an extension may be granted for a reasonable period, not exceeding three years, in which payments may be made.

"In case it becomes necessary to make payments to J. H. Flora on his interest, it is agreed that the under-

signed shall pay one-half of the same as it becomes due.
"Approved:                         A. C. Edwards."
  "E. S. Luthi
  "John H. Heaton."

Following the acceptance of the proposition made, Heaton individually repurchased the property from Flora. The terms of this purchase were not shown in their entirety. While it appears that Heaton agreed to pay therefor the sum of $2,405, it was not shown how much of a cash payment was required to satisfy Flora. He owed something as a balance due on his contract with Heaton, which was deducted from the total price agreed to be paid, but the amount remaining due does not appear. Heaton, in his answer, set forth that, in the repurchase, it was necessary to make payment to defendant Flora, and that he did make a payment to him of $255, but does not say whether or not this was all that was due Flora, and his evidence is no more definite. It did appear clearly, however, that Luthi acquired no interest in the land by the repurchase as made, and that, subsequent thereto, no agreement, either oral or written, was entered into between the three parties or considered by them by which the land repurchased was to be sold for their mutual benefit and the profits divided between them, nor was any such agreement entered into or considered between Heaton and Edwards individually.

The first installment of the principal sum due under the main contract was paid by Heaton sometime before it fell due. He did not pay the semiannual installment of interest falling due on April 8, 1916. This amounted to $70, and Edwards began pressing for its payment. On May 9, 1916, Heaton wrote Edwards concerning this payment, in which letter he referred to a conversation between them and to his repurchase of the Flora interest, and stated that he gathered therefrom that

this payment was not to be pressed. To this Edwards answered to the effect that the matter might rest for a while. Heaton did not subsequently make the payment, nor did he pay the semiannual installment in a like sum falling due on October 8, 1916. Because of the failure to make these payments, Edwards served notice of forfeiture on Heaton, pursuant to the terms of the contract, on December 14, 1916. Later on he brought the present action to declare a forfeiture and to free the lands from the apparent lien of the contract. Heaton defended on the ground that payments under the contract had been extended for a three-year period by the subsequent proposal of Edwards and its acceptance by him of date April 22, 1916. The trial court took this view of the matter and refused to adjudicate a forfeiture. It took the view also that Edwards was obligated to pay one-half the sum Heaton had paid Flora, and entered a judgment against Edwards and in favor of Heaton for that sum.

It seems to us that the conclusion of the court is erroneous. In the first place, the proposal by its very terms does not include the installment of interest falling due on April 8, 1916. It is dated April 22, 1916, and refers to payments "hereinafter to become due"; so that, in any event, there was default as to this installment. In the second place, we cannot conclude there was such a compliance with the terms of the proposition made as to postpone the due dates of the remaining installments. The proposal and its acceptance did not alone constitute an agreement to postpone the payment of these installments for the period therein named. It was made subject to the condition that Flora's interest be purchased by Heaton and Luthi together, that the price paid Flora for his interest should not exceed $2,300, and that the property be sold for the best price obtainable and the profits made thereby

be equally divided between Edwards on the one part and Heaton and Luthi on the other. The record falls far short of showing a compliance with these conditions. The land was purchased by Heaton alone at a price exceeding the agreed price, and there was no sale of the land nor tender of any agreement under which it could be sold and the profits of the sale divided. As we view the record, Heaton first regarded the purchase as one made in his own behalf and for his sole benefit, and asserted the contrary only after the notice of forfeiture was served upon him, and even then did not tender the land to be sold in accordance with the terms of the proposal. This was not sufficient to make the agreement to postpone the installments obligatory upon the party making the offer.

But notwithstanding we think Heaton was in error in his construction of the effect of the proposed agreement, we cannot think that the remedy sought by appellant should be granted according to the strict prayer of his complaint. While the remedy sought is within the terms of the contract, it is nevertheless a harsh one, since it cuts off all rights Heaton has in the contract and works a forfeiture of the installment paid. This should not be done except in a case where the litigant has forfeited all right to equitable consideration. We have concluded, therefore, to remand the cause with instructions to the trial court to ascertain the amount due upon the contract at the date of the remittitur and grant the respondent Heaton a reasonable time, not to exceed sixty days, in which to pay the amount found due. If payment is made within that time the action will be dismissed at Heaton's costs; if he fails to pay, a decree will be entered against him according to the prayer of the complaint.

Reversed and remanded accordingly.

ELLIS, C. J., CHADWICK, MOUNT, and HOLCOMB, JJ., concur.